IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL RICHARDSON,

    Petitioner,                        No. CIV S-06-1731 DFL DAD P

   vs.

CLAUD FINN,                             <u>ORDER</u>

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. <u>See</u> 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. <u>See</u> 28 U.S.C. § 2254(b)(2).

1

1   A petitioner satisfies the exhaustion requirement by fairly presenting to the
2 highest state court all federal claims before presenting them to the federal court.  See Duncan v.
3 Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971);
4 Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th
5 Cir. 1986).
6   Upon reviewing the amended petition for habeas corpus, the court is unable to
7 determine if all of petitioner's claims were presented to the California Supreme Court.
8 Therefore, the court will dismiss the amended petition and grant petitioner leave to file a second
9 amended petition using the form petition provided by the court.  Petitioner must clearly identify
10 each claim that was presented to the California Supreme Court and he must answer each question
11 on the form without reference to an attachment.
12   On August 7, 2006, petitioner filed a document with the court styled, "Motion For
13 Declaratory Relief [sic] Petition for Injunction" pursuant to California Code of Civil Procedure.
14 The motion will be denied since state procedural rules do not provide a basis for relief in federal
15 court.  In addition, petitioner is advised that his motion is not appropriate in this action since the
16 court will not issue any orders concerning the merits of petitioner's claims until all briefing has
17 been submitted by the parties.
18   On August 30, 2006, petitioner requested a copy of the court rules that pertain to
19 habeas petitions.  The court does not provide copies of the rules governing section 2254 cases.
20 See Rules Governing Section 2254 Cases in the United States District Courts.
21   Accordingly, IT IS HEREBY ORDERED that:
22   1. Petitioner's amended petition, filed on August 16, 2006 is dismissed without
23 prejudice;
24   2. Within thirty days from the service of this order, petitioner shall file a second
25 amended petition that complies with the requirements of the Federal Rules of Civil Procedure;
26 petitioner shall use the form petition provided by the court; the second amended petition must

bear the docket number assigned this case and must be labeled "Second Amended Petition;" petitioner must file an original and one copy of the second amended application. Petitioner's failure to comply with the court's order will result in a recommendation that this action be dismissed without prejudice[2] ;

    3. Petitioner is granted leave to proceed in forma pauperis;

    4. Petitioner's August 7, 2006 motion for declaratory and injunctive relief is denied;

    5. Petitioner's August 30, 2006 request for a copy of the rules governing habeas corpus proceedings is denied; and

    6. The Clerk of the Court is directed to provide petitioner with the form petition for a writ of habeas corpus.

DATED: September 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rich1731.9

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).